UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                            CASE NO.: 3:06-cr-211(S1)-J-32HTS

**TONY HENDERSON**

## DEFENDANT HENDERSON'S MOTION FOR DISCLOSURE OF PROMISES, AGREEMENTS, AND UNDERSTANDINGS WITH PEDRO FERNANDEZ DE CAMPA

The defendant, Tony Henderson, by his counsel, pursuant to the dictates of *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972), moves for disclosure of the nature and substance of any promises, agreements, and understandings between the government[1] and Pedro Fernandez de Campa in this case, based on the following considerations:

1. Defendant Tony Henderson is charged in an eight count Superseding Indictment with conspiracy to distribute marijuana (Count One), distribution of marijuana (Count Two), and use of a communication facility to facilitate the distribution of marijuana (Counts Three through Eight).

2. The government utilized a confidential informant in the investigation of this case. Pedro Fernandez de Campa (Fernandez), a friend of the confidential informant, was employed by her to access Henderson.

---

[1] "Government" means any federal, state, or local governmental entity.

3. Fernandez was arrested and prosecuted in this matter.[2] He is currently awaiting sentencing before Judge Covington.

4. Fernandez has agreed to testify against Henderson.

5. With the exception of codefendants who are motivated by good citizenship, testifying codefendants act with the hope or expectation that they, or someone close to them, will be rewarded by the receipt of some benefit.

6. Rewards and benefits can take many forms. For example, the government may agree not to prosecute known or suspected criminal activity, or make a favorable sentencing recommendation. Money, or some other financial benefit may be paid. The government may assist the codefendant, or someone close to the codefendant, with their immigration status. Taxes owed on legal or illegal activity may be overlooked. Housing subsidies may be provided. An agreement not to forfeit property otherwise subject to forfeiture may be entered into.[3]

7. Promises, agreements, and understandings can be made in writing, by word of mouth, or in more subtle ways.

8. Under *Brady* and *Giglio,* Henderson has an absolute right to be informed about any and all promises, agreements, and understandings between the government and Fernandez.

9. By this motion, for the foregoing reasons, it is requested that full disclosure be

---

[2]For all intents and purposes, Fernandez is a codefendant, although he was not prosecuted in the same indictment as Henderson.

[3]This is, of course, a non-exhaustive list.

ordered.

Respectfully submitted,

MARK J. ROSENBLUM, P.A.

s/*Mark J. Rosenblum*
Mark J. Rosenblum
Florida Bar No. 289175
500 North Ocean Street
Jacksonville, Florida 32202
Telephone: 904.354.6002
Facsimile: 904.354.6637
markrosenblumlaw@bellsouth.net
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

James R. Klindt, Esq. and D. J. Pashayan, Esq.
United States Attorney's Office

s/*Mark J. Rosenblum*