UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:06-cr-211(S1)-J-32HTS

TONY HENDERSON
_____

### UNITED STATES' CONSOLIDATED RESPONSE
### TO DEFENDANT'S DISCOVERY MOTIONS

The United States of America, by and through the undersigned Assistant United States Attorney, files this consolidated response to defendant Tony Henderson's: (1) Motion to Compel Disclosure of Confidential Informant's Identity and to Require Presence of Confidential Informant at Trial; (2) Motion for Disclosure of Promises, Agreements, and Understanding with Confidential Informant; and (3) Motion for Disclosure of Promises, Agreements, and Understanding with Pedro Fernandez de Campa. ##s 69, 70, and 71.  For the following reasons, the Court should grant these motions to the extent set forth herein.

### Background

On July 12, 2006, the grand jury returned an indictment against the defendant charging him with, among other things, distributing marihuana.  Doc. # 15.  On July 19, 2006, the defendant was arraigned, filed a notice of acceptance of general discovery, and agreed to the reciprocal exchange of witness lists and Jencks Act materials three (3) calendar days before trial. Doc. ## 20, 21.  The Court then entered the New Standing Order Pertaining to Motions and Notices of Hearings, Status Conferences and

Trial (the "Standing Order"), which, among other things, delineated the parties' discovery obligations. Doc. # 22.

To date, the United States has provided the defendant with eleven (11) discovery letters dated: June 29, 2006; July 25, 2006; August 18, 2006; November 28, 2006; June 14, 2007; July 5, 2007; July 5, 2007; July 26, 2007; August 2, 2007; August 7, 2007; and August 21, 2007.[1] [2] Much of the material provided to the defendant in these letters is arguably Brady/Giglio and/or Jencks material and includes, among other things, the following:

> A. audio recordings between a confidential source and Pedro Fernandez;
>
> B. audio recordings between a confidential source, Pedro Fernandez, and the defendant;
>
> C. audio recordings between a confidential source and the defendant;
>
> D. transcripts related to the above-mentioned recordings;
>
> E. a copy of Pedro Fernandez's plea agreement;
>
> F. copies of three (3) criminal histories on Pedro Fernandez;
>
> G. copies of all the Federal Bureau of Investigation (FBI) reports written by Special Agent (SA) Pellicciotti related to this case;

---

[1] To date, the defendant has not provided the United States with any reciprocal discovery.

[2] This August 21, 2007 letter contained Federal Rule of Criminal Procedure 16 information related to the new Drug Enforcement Administration fingerprint examiner assigned to this investigation.

      H.      copies of all the Drug Enforcement Administration (DEA) reports written by SA Tino Rosales related to this case;

      I.      copies of all the Florida Department of Law Enforcement (FDLE) reports written by SA Bill Pfeil related to this case; and

      J.      a redacted DEA Form 473, which is the confidential source's written agreement with DEA.

## **Memorandum of Law**

Two of the defendant's motions seek, in substance, to compel the production of impeachment and/or exculpatory materials, which include promises of leniency or benefits extended to any government witness. See Doc. ##s 70, 71. Pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), the United States must disclose the following to a defendant: (1) material which tends to be exculpatory; and (2) material which may be used to impeach or discredit government witnesses. The Brady rule, however, is not an evidentiary rule that grants broad discovery powers to a defendant. United States v. Quinn, 123 F.3d 1415, 1421 (11th Cir. 1997).

Although United States is aware of its obligations as required by the Standing Order, Brady/Giglio and its progeny, the United States has already provided many of the materials that the defendant now arguably seeks and will continue to comply with its discovery obligations as set forth above. As such, the motions should be denied to the extent they seek materials beyond the requirements set forth in the above-mentioned authorities.

With respect to the third motion, the defendant seeks, in substance, to compel early production of the confidential source's identity and to compel the production of the confidential source at trial. Doc. # 69. While the parties agreed at the arraignment to the reciprocal exchange of witness lists and Jencks Act materials three calendar days before trial (which would be September 2, 2007), the United States would be willing to provide the name of the confidential informant to the defendant by the close of business on Wednesday August 29, 2007 if the defendant is willing to agree to the reciprocal exchange of witness lists and Jencks Act materials by that time.[3] In any event, the United States will produce the confidential source at trial and intends to call him/her as a witness.

WHEREFORE, the United States respectfully requests that the Court enter an order granting, to the extent set forth herein, defendant Tony Henderson's: (1) Motion to Compel Disclosure of Confidential Informant's Identity and to Require Presence of Confidential Informant at Trial; (2) Motion for Disclosure of Promises, Agreements, and Understanding with Confidential Informant; and (3) Motion for Disclosure of Promises,

---

[3] In his motion, the defendant failed to articulate what defense that the premature disclosure of the confidential source's identity would assist in establishing at trial. See, e.g., Roviaro v. United States, 353 U.S. 53, 59 (1957); United States v. Gutierrez, 931 F.2d 1482, 1491 (11th Cir. 1991)("the burden is on the [defendant] to 'show that the informant's testimony would significantly aid in establishing an asserted defense.'")

4

Agreements, and Understanding with Pedro Fernandez de Campa.

                              Respectfully submitted,

                              JAMES R. KLINDT
                              Acting United States Attorney


By:    /s D. J. Pashayan
        D. J. PASHAYAN
        Assistant United States Attorney
        300 North Hogan Street Suite 700
        Jacksonville, Florida 32202-4270
        Telephone:   (904) 301-6300
        Facsimile:    (904) 301-6310

U.S. v. TONY HENDERSON                           Case No. 3:06-cr-211(S1)-J-32HTS

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Mark Rosenblum, Esq.

I hereby certify that on August 23, 2007, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participant(s):

    None.

                              *s/ D.J. Pashayan*
                              D.J. PASHAYAN
                              Assistant United States Attorney
                              USAO No. 086
                              300 North Hogan Street, Suite 700
                              Jacksonville, Florida  32202-4270
                              Telephone:   (904) 301-6300
                              Facsimile:    (904) 301-6310
                              E-mail:  **Don.Pashayan@usdoj.gov**