UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

CASE NO. 3:06-cr-211(S1)-J-32HTS

v.

TONY HENDERSON

**UNITED STATES' FIRST NOTICE OF INTENT TO INTRODUCE
EVIDENCE UNDER FED. R. EVID. 404(b)**

Pursuant to Rule 404(b), Federal Rules of Evidence, the United States hereby notifies the defendant of its intention to use the following evidence in its case-in-chief, during the cross-examination of the defendant should he testify, and/or in the United States' rebuttal case:[1]

In or about the summer of 2003, the defendant paid some tradesmen to work on the roof of his residence in Baker County, Florida. These tradesmen did not perform a satisfactory job. The defendant then asked a long time acquaintance and illegal alien, Pedro Fernandez, if Fernandez and some of Fernandez's acquaintances could complete the defendant's roofing job. After Fernandez and his acquaintances completed this job, the defendant advised Fernandez, in substance, that the defendant could not pursue legal

---

[1] The United States is filing this notice out of an abundance of caution and would respectfully request that the Court enter an order prior to trial allowing the admission of this evidence. The United States does not believe that is Rule 404(b) evidence, but rather admissible evidence "inextricably intertwined" with the offenses charged. See, e.g., United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985) ("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if . . . [it] forms an integral and natural part of an account of the crime, or is necessary to complete, the story of the crime for the jury).

In the event that the Court does not find this evidence to be "inextricably intertwined" with the offenses charged, it is nevertheless admissible as evidence of, among other things, the defendant's intent to distribute marihuana and knowledge of the marihuana involved in this case.

action against the tradesmen for their incomplete work because the defendant had distributed marihuana to one of the tradesmen and feared that this would be disclosed. The defendant then asked Fernandez if Fernandez knew any individuals who wanted to obtain marihuana and provided Fernandez with some samples of the marihuana that the defendant had available for distribution. Fernandez then spoke with, among other people, the confidential source about purchasing some of the defendant's marihuana.

    Respectfully submitted,

    JAMES R. KLINDT
    Acting United States Attorney

By: *s/ D. J. Pashayan*
    D. J. PASHAYAN
    Assistant United States Attorney
    USAO No. 086
    300 North Hogan Street, Suite 700
    Jacksonville, Florida  32202-4270
    Telephone:  (904) 301-6300
    Facsimile:  (904) 301-6310
    E-mail:  Don.Pashayan@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of August, 2007, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following:

Mark Rosenblum, Esq.

I HEREBY CERTIFY that on 23rd day of August, 2007, a true and correct copy of the foregoing document and the notice of electronic filing was sent via facsimile to the following non-CM/ECF participants:

None.

*s/ D. J. Pashayan*
D. J. PASHAYAN
Assistant United States Attorney
USAO No. 086
300 North Hogan Street, Suite 700
Jacksonville, Florida  32202-4270
Telephone:	(904) 301-6300
Facsimile:	(904) 301-6310
E-mail:		Don.Pashayan@usdoj.gov
