UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO.: 3:06-cr-211(S1)-J-32HTS

**TONY HENDERSON**

### DEFENDANT HENDERSON'S MOTION TO SUPPRESS STATEMENTS

The defendant, Tony Henderson, by his counsel, pursuant to Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, moves for suppression of the below-quoted statements, based on the following considerations:

1. Defendant Tony Henderson is charged in an eight count Superseding Indictment with conspiracy to distribute marijuana (Count One), distribution of marijuana (Count Two), and use of a communication facility to facilitate the distribution of marijuana (Counts Three through Eight).

2. On August 24, 2007, the below-quoted letter was received from government counsel:

> Please be advised that, after your client was advised of his Miranda rights on the date he was arrested by the Drug Enforcement Administration, but before he invoked his Miranda rights, your client advised Special Agent Florentino Rosales, in substance and among other things, that he wanted to consider cooperating against other individuals. This occurred after he was confronted with some of the audio recordings in the case. Your client also advised Special Agent Rosales, in substance, that he wanted to do the right thing, but that he needed more time. Moreover, before your client invoked his Miranda rights, he asked SA Rosales, in substance, what was going to happen with regard to his retirement.

3. A telephone call to government counsel confirmed that the government intends to introduce the above-quoted statements against Henderson in its case-in-chief, during Henderson's cross-examination, and/or in its rebuttal case.

4. The above-quoted statements are inadmissible, and should be suppressed, because they were made in the course of plea discussions. *See* Fed. R. Crim. P. 11(f); Fed. R. Evid. 410; *United States v. Robertson,* 582 F.2d 1356 (5th Cir. 1978); *United States v. Knight,* 867 F.2d 1285 (11th Cir. 1989).

5. *United States v. Robertson,* 582 F.2d at 1366, observes that the rule that makes statements rendered in the course of plea negotiations inadmissible is "designed to serve both as an incentive and as a prophylactic; the rule both encourages and protects a free plea dialogue between the accused and the government. Given this essential purpose, the trial court's initial inquiry must be focused on the accused's perceptions of the discussion, in context."

6. Henderson, a federal law enforcement agent with over twenty years experience, perceived that the post-arrest talk initiated by the arresting authorities 1) was authorized by the United States Attorney's Office; and 2) was made in the course of plea negotiations.

7. For the foregoing reasons and based on the cited authority, the above-referenced statements should be deemed inadmissible, and suppressed.

Respectfully submitted,

MARK J. ROSENBLUM, P.A.

s/*Mark J. Rosenblum*
Mark J. Rosenblum
Florida Bar No. 289175
500 North Ocean Street
Jacksonville, Florida 32202
Telephone: 904.354.6002
Facsimile: 904.354.6637
markrosenblumlaw@bellsouth.net
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

James R. Klindt, Esq. and D. J. Pashayan, Esq.
United States Attorney's Office

s/*Mark J. Rosenblum*