UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO.: 3:06-cr-211(S1)-J-32HTS

**TONY HENDERSON**

### DEFENDANT HENDERSON'S MOTION TO EXCLUDE EVIDENCE OFFERED UNDER FED. R. EVID. 801(d)(2)(E)

The defendant, Tony Henderson, by his counsel, pursuant to Fed. R. Evid. 801(d)(2)(E), moves for exclusion of alleged coconspirator statements, based on the following considerations:

1. Defendant Tony Henderson is charged in an eight count Superseding Indictment with conspiracy to distribute marijuana (Count One), distribution of marijuana (Count Two), and use of a communication facility to facilitate the distribution of marijuana (Counts Three through Eight).

2. Fed. R. Evid. 801(d)(2)(E) declares a statement is not hearsay if it is

> a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

3. It is anticipated the government will seek the admission of alleged coconspirator statements, mainly in the form of surreptitiously taped conversations between a confidential

informant and an alleged coconspirator of Henderson, and will cite Fed. R. Evid. 801(d)(2)(E) as justification for their admission.

4. However, for the following reasons, these statements are inadmissible hearsay, and should be excluded.

5. Count One of the Superseding Indictment, the conspiracy charge, alleges that from the summer of 2004 to January 26, 2006 Henderson conspired with people "known and unknown to the grand jury" to distribute marijuana. No coconspirators are mentioned by name in the Indictment.

6. Other than Henderson, the only other people involved in the alleged offense (not counting investigating law enforcement authorities) were the confidential informant and Pedro Fernandez de Campa (Fernandez). From this it is assumed that the government will maintain that Fernandez was a coconspirator.

7. The evidence the government is expected to present, in the light most favorable to the government, is that the confidential informant and Fernandez were friends. Fernandez told the confidential informant he could obtain marijuana from Henderson. Specifically, in December, 2004, Fernandez and the confidential informant drove from Live Oak (where they both lived) to Henderson's house in Macclenny, because Fernandez said he could get some marijuana from Henderson. However, Henderson was not home, and no transaction occurred. The confidential informant taped the conversation between Fernandez and her to and from Henderson's house.

A full year later, in December 2005, Fernandez, while in the company of the confidential informant and at her behest, called Henderson and made arrangements to buy some marijuana from him. During this period of time the confidential informant was taping Fernandez throughout their extensive conversations, and taping the brief phone calls with Henderson as well.[1]

On December 10, 2005, the confidential informant and Fernandez drove from Live Oak to Henderson's house in Macclenny, where the transaction occurred. The confidential informant remained in the car during the transaction, so there is no tape of the meeting between Fernandez and Henderson. The only tape consists of the conversations between the confidential informant and Fernandez to and from Henderson's house.

After December 10, 2005, on two occasions in January 2006, the confidential informant called Henderson directly in an effort to get him to sell her some marijuana.[2] However, she was unsuccessful, and no transaction occurred.

8. In order to prove a conspiracy under 21 U.S.C. section 846, the government must show "(1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." *United States v. Toler,* 144 F.3d 1423, 1426 (11th Cir. 1998). "The existence of the conspiracy and the

---

[1] The confidential informant was able to tape the calls with Henderson because the phone was on speaker.

[2] These two calls form the basis for Counts Seven and Eight of the Superseding Indictment.

defendant's participation in it may be established through circumstantial evidence." *United States v. Mercer,* 165 F.3d 1331, 1333 (11th Cir. 1999).

9. Because "a person cannot conspire with a government informer who secretly intends to frustrate the conspiracy[,]" *United States v. Lively,* 803 F.2d 1124, 1126 (11th Cir. 1986), the only other possible person Henderson could have entered into a conspiracy with is Fernandez. However, for the following reasons, Fernandez was not Henderson's coconspirator.

10. Factually, Fernandez was acting as the confidential informant's agent, not as Henderson's agent. The confidential informant told the law enforcement officers who were handling her that she could buy marijuana from a Border Patrol agent, and they gave her the go-ahead to attempt to accomplish that goal. She utilized Fernandez as a proxy to get to Henderson, driving with him to Henderson's house both in December 2004 and December 2005. She arranged to have Fernandez broadcast the calls with Henderson on speaker, so she could listen to and record the conversations. In effect, when Henderson was dealing with Fernandez he was dealing with the government; the confidential informant was the puppeteer and Fernandez was the puppet.

11. Additionally, even if Henderson sold marijuana to Fernandez, "evidence of a buyer-seller relationship, standing alone, is insufficient to support a conspiracy conviction." *United States v. Townsend,* 924 F.2d 1385, 1394 (7th Cir. 1991). The joint objective of a conspiracy "is missing where the conspiracy is based simply on an agreement between a

buyer and a seller for the sale of drugs. Although the parties to the sales agreement may both agree to commit a crime, they do not have the joint criminal objective of distributing drugs." *United States v. Dekle,* 165 F.3d 826, 829 (11th Cir. 1999). Stated another way, "[w]here the buyer's purpose is merely to buy and the seller's purpose is merely to sell, and no prior or contemporaneous understanding exists between the two beyond the sales agreement, no conspiracy has been shown." *United States v. Beasley,* 2 F.3d 1551, 1560 (11th Cir. 1993), quoting *United States v. Burroughs,* 830 F.2d 1574, 1581 (11th Cir. 1987).

While an "agreement may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to the purchaser[,]" *United States v. Johnson,* 889 F.2d 1032, 1035-1036 (11th Cir. 1989), that is not the evidence here. In Henderson's case, the only two "transactions" that span the year-and-a-half life of the alleged conspiracy occurred a year apart from each other, and one was a non-transaction because Henderson was not even home when the confidential informant and Fernandez drove to his house.

12. For the foregoing reasons and based on the cited authority, there was no conspiracy in this case. As a result, the conversations between the confidential informant and Fernandez are hearsay, and should be excluded under Fed. R. Evid. 801(d)(2)(E).

Respectfully submitted,

MARK J. ROSENBLUM, P.A.

s/*Mark J. Rosenblum*
Mark J. Rosenblum
Florida Bar No. 289175
500 North Ocean Street
Jacksonville, Florida 32202
Telephone: 904.354.6002
Facsimile: 904.354.6637
markrosenblumlaw@bellsouth.net
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

James R. Klindt, Esq. and D. J. Pashayan, Esq.
United States Attorney's Office

s/*Mark J. Rosenblum*