**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No. 3:06-cr-211(S1)-J-32HTS

TONY HENDERSON

## ORDER ON PRETRIAL MOTIONS[1]

This case is before the Court on pending pretrial motions and responses thereto. On September 6, 2007 the Court heard argument on the motions and took evidence on the motion to suppress. The entire transcript of those proceedings is incorporated by reference.

    1.    <u>Motion in Limine relative to the admissibility of tapes and transcripts (Doc. 62)</u>

The government has filed a memorandum of law on the admissibility of tape recordings and transcripts to which it has attached a proposed jury instruction. Although the government docketed the memorandum as a Motion in Limine, at this time, neither party has sought a pretrial ruling that any particular tape recording or transcript is or is not admissible. Thus, while the Court will consider the arguments advanced in the memo as appropriate, the motion itself is **denied without prejudice**.

    2.    <u>Motion for disclosure of confidential informant's identity and to require presence of confidential informant at trial (Doc. 69)</u>

The government has stated that the confidential informant will be called to testify at trial; that aspect of the motion is therefore **granted**. In the transcript of the audio recordings

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

provided to defendant's counsel (Doc. 84, Ex. 1a), the government has now provided the full name of the confidential informant. Thus, the remainder of the motion is **moot**.

    3.    <u>Motion for Disclosure of Promises, Agreements, and Understandings with Confidential Informant (Doc. 70) and Motion for Disclosure of Promises, Agreements, and Understandings with Pedro Fernandez de Campa (Doc. 71)</u>

The government has produced and has agreed to continue to produce impeachment and/or exculpatory materials consistent with its obligations under <u>Brady</u>[2] and <u>Giglio</u>[3] and this Court's Standing Order (Doc. 22). The motions are **granted** to the extent that the government shall continue to comply with those obligations and are otherwise **denied**.

    4.    <u>Motion to Suppress Statements (Doc. 75)</u>

Defendant moves to suppress post-arrest post-<u>Miranda</u> statements he claims were made in the course of plea discussions. While statements uttered in the course of plea discussions are inadmissible against a defendant pursuant to Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, the reasonable assumption that "the cooperation of an arrested person often is prompted by a desire for leniency for himself or others" does not transform otherwise voluntary admissible statements into inadmissible plea discussions. <u>United States v. Robertson</u>, 582 F.2d 1356, 1368 (5th Cir. 1978).[4]

---

[2] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

[3] <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

[4] <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981).

To evaluate this issue, the Court must determine "first, whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussion, and second, whether the accused's expectation was reasonable given the totality of the objective circumstances." Id. at 1366.  Having heard detailed testimony from DEA Special Agent Florentino Rosales, who participated in the conversations with defendant, the Court finds that even assuming defendant could demonstrate that he had a subjective expectation that he was negotiating a plea, such an expectation was not objectively reasonable given the totality of the circumstances.  See id. at 1369-70 (holding that even if defendants' post-Miranda confessions to DEA agents were offered in hopes of securing release of female arrestees, a confession itself is not a plea of guilt and record evidenced no intent to enter guilty plea); United States v. Posey, 611 F.2d 1389, 1390 (5th Cir. 1980) (holding that agent's agreement to bring defendant's cooperation to attention of the prosecutor after defendant stated he wanted to "cut a deal" did not transform defendant's post-Miranda statements into inadmissible Rule 11 statements).  On the record before the Court,[5] the conversations described were not "plea discussions" within the meaning of the law and the motion to suppress such statements on this basis is **denied**.  However, to the extent that defendant is questioning the relevance or probative value of some of the alleged statements, the Court reserves ruling at this time.

---

[5]Defendant did not elect to testify or call other witnesses.

3

      5.    <u>Motion in Limine to Exclude Evidence Offered Under Fed.R.Evid. 801(d)(2)(E) (Doc. 76)</u>

Defendant moves to exclude statements made to a confidential informant by Pedro Fernandez de Campa, who the government alleges is defendant's co-conspirator, on the grounds that Fernandez is not named in the indictment as a co-conspirator; Fernandez was the confidential informant's agent, not defendant's agent; and because the evidence will, at best, establish a buyer-seller relationship between defendant and Fernandez, not a conspiracy. Defendant urged the Court to conduct a <u>James</u> hearing[6] to make a pretrial determination as to whether a conspiracy existed. While the Court noted certain potential deficiencies in the government's proffer concerning the conspiracy, the Court does not see the need to conduct a <u>James</u> hearing in advance of trial; this motion is therefore **denied** without prejudice.

      6.    <u>Motion in Limine to Exclude Evidence Offered Under Fed.R.Evid. 402, 403, and 404(b) (Doc. 77)</u>

Defendant seeks to exclude evidence deemed to be irrelevant (Rule 402), unfairly prejudicial, confusing, misleading or cumulative (Rule 403), and evidence of other crimes, wrongs or acts (Rule 404(b)). As for the 404(b) issue, the government has argued that the evidence defendant seeks to exclude is inextricably intertwined with the crimes charged. Additionally, the government explains that it is evaluating recently acquired information which may result in bringing this matter back to the grand jury. Given the unsettled nature of this issue, and because, in any event, the Court would likely need to hear a proffer of the

---

[6]<u>See</u> <u>United States v. James</u>, 510 F.2d 546, 549 (5th Cir. 1975).

evidence at trial before ruling, the Court will **defer** ruling on defendant's motion.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of September, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Don J. Pashayan, Esq. (AUSA)
Mark J. Rosenblum, Esq.