UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA
v.                                                          CASE NO. 3:06-cr-211-J-32TEM

TONY HENDERSON

**JOINT MEMORANDUM REGARDING MOTION TO
<u>TRANSFER OWNERSHIP AND POSSESSION OF PROPERTY</u>**

The United States and movant Tony Henderson (the "Parties" or individually, "Party") file this joint memorandum, clarifying their respective positions regarding Henderson's motion to transfer ownership and possession of property (Doc. 199, the "Motion") to Henderson's son, James T. Henderson.  In sum, the United States does not object to the Motion and the Parties agree that the Court may take action on the Motion without holding further proceedings.  In support of the foregoing, the Parties agree and state:

1. On June 6, 2006, Tony Henderson was charged initially by criminal complaint with distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), a felony offense.

2. On June 7, 2006, the Court set Tony Henderson's conditions of pre-trial release, ordering, among other things, that he "is required immediately to surrender all law enforcement firearms and credentials to DEA or any other authorized federal agency."

3. In compliance with this condition, on the same date, Tony Henderson turned over the following 17 firearms (the "Firearms") to FBI Special Agents:

    a. Ruger Special model SP101 5-shot revolver, serial number 571-46662;

    b. Jennings model J-22 pistol & magazine, serial number 187827;

    c. Smith & Wesson .357 magnum model 66-2 revolver, serial number AHJ0991;

    d. High Standard Foremost model 4011 12-gauge shotgun, serial number 3078949;

    e. Iver Johnson's Arms model Champion 16-gauge shotgun, serial number 62850XH;

    f. Erma Werke GMBH model EW22 .22-caliber rifle, with Bushnell scope (imported by Iver Johnson's Arms), serial number 003561;

    g. Smith & Wesson model 66 6-shot revolver, with wooden case, engraved US Border Patrol #1243, serial number 7K49862;

    h. Rogue Rifle Co. model Chipmunk Actra bolt-action rifle, serial number 62724;

    i. Japanese Arisika 6.5 mm rifle (M1 Grand – WWII), nonfunctional, serial number C5432

    j. Savage .410 bore shotgun, engraved "Little Pet," serial number 429HY;

    k. U.S. Rifle Arms Corp. USA, model M1A1 Garand custom, .308 caliber semi-automatic rifle with three magazines, serial number 10667;

    l.    Remington model 550-I semi-automatic .22LR rifle, no serial number;

    m.    O.F. Mossberg & Sons model 152K rifle, with one magazine, no serial number;

    n.    RFI Enfield Mark III* 7.62 caliber rifle and one magazine, serial number H4991;

    o.    Marlin Firearms Greenfield model 60 rifle with scope, serial number 24275308;

    p.    Rossi model M92 rifle, imported by Interarms, serial number K023232; and

    q.    Kel Tec model SUB-2000 semi-automatic submachine gun, with magazine, serial number 06581.

4.    Also on June 7, 2006, Tony Henderson released two items to FBI Special Agents, which the FBI subsequently returned to him on February 17, 2015, specifically:

    a.    Powermaster crossbow, no serial number; and

    b.    Homemade percussion-cap muzzle-loading rifle, nonfunctional, identified by the number 83-126855 written on a piece of tape on the stock.

5.    On November 30, 2007, Tony Henderson pleaded guilty to a charge of distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and on April 22, 2008, the Court entered judgment against Tony Henderson, adjudicating him guilty of that charge.

6.    As a result of his felony conviction, under 18 U.S.C. § 922(g), Tony Henderson can no longer possess the Firearms or any firearm.

7.    After his release from prison, Tony Henderson asked the FBI to transfer the Firearms to a purported buyer, and later to a second purported buyer.

3

The FBI denied these requests based on a good faith belief that, as a matter of law, the requested release of the Firearms would violate of 18 U.S.C. § 922(g) because it would amount to Tony Henderson's constructive possession of a firearm.

8. Tony Henderson then sought relief from this Court, requesting an order directing the FBI to transfer the Firearms to his wife or to the second purported buyer. The United States opposed Tony Henderson's requested relief, again based on a good faith belief that it would violate18 U.S.C. § 922(g). This Court denied Tony Henderson's motion, concluding that Tony Henderson could not transfer the firearms or receive money from their sale without constructively possessing the Firearms. The Court of Appeals for the Eleventh Circuit affirmed on the same ground.

9. On May 18, 2015, in *Henderson v. United States*, 135 S.Ct. 1780, 1787 (2015), the United States Supreme Court held that "a court facing a motion like Henderson's may approve the transfer of guns consistently with § 922(g) if, but only if, that disposition prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so." The Supreme Court advised that "[i]n considering such a motion, the court may properly seek certain assurances: for example, it may ask the proposed transferee to promise to keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet a §922(g) violation." The Supreme Court acknowledged that "[e]ven such a pledge, of course, might fail to provide an adequate safeguard, and a court should then disapprove the transfer."

10. On remand, Tony Henderson filed his Motion (Doc. 199), in which he affirmed that he "give[s] up all ownership and possessory rights in regards to the aforementioned gun collection" and requested that this Court "issue an order to the FBI . . . to turn over the entire firearms collection to James Thomas Henderson, with no undue delay, upon his demand."

11. Filed with the Motion was the Affidavit of James Thomas Henderson, in which affiant affirmed (i) his knowledge that Tony Henderson may not possess, control, or direct the use of the Firearms; (ii) that if he (James Henderson) received the Firearms, he would exercise complete control over with Firearms without having to resort to Tony Henderson's direction or control; and (iii) that if he received the Firearms, he would not permit Tony Henderson to direct or control the Firearms.

12. James Henderson is over the age of 21 and is lawfully permitted to possess and own firearms. Standard background checks performed on him in September 2015 and in January 2016 did not disclose any criminal history.

13. James Henderson presently lives and works outside of the Middle District of Florida in Fort Worth, Texas.

14. In September 2015, James Henderson agreed to be interviewed by the FBI. James Henderson's counsel participated by telephone. According to James Henderson, he moved from Florida to Texas in 2012 and the last time he had seen his father, Tony Henderson, was in 2014. James Henderson stated that a transfer of the Firearms to him would not be a "sham transaction," that he

5

would not permit Tony Henderson to have possession or control of the Firearms, and that he would be committing a crime if he aided and abetted Tony Henderson in Tony Henderson's exercising control over the Firearms.

15.   At various times and in various proceedings, Tony Henderson has claimed that other individuals potentially had ownership interests in the Firearms. Tony Henderson since has filed affidavits from all such individuals (with the exception of James Henderson) in which such individuals either deny or disclaim any ownership interests in the Firearms (*see* Doc. 206).

16.   Except as to those rights and obligations created by any order of this Court granting the Motion, the Parties each have agreed to unconditionally release and hold harmless the other Party, its departments, agencies, agents, officers, and employees, from any and all civil claims, demands, damages, causes of action or suits, of whatever kind and description that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or release of the Firearms.

In view of the Supreme Court's decision in *Henderson v. United States* and the representations of Tony Henderson and James Henderson, the United States has no objection to the Court granting the Motion.  In the absence of such an objection and in view of the Parties' various submissions, the Parties agree that the Court may grant the Motion and has the discretion to do so without holding an evidentiary hearing.

 Respectfully submitted,

                                                        A. LEE BENTLEY, III
                                                      United States Attorney

*s/ Tony Henderson*              By:  *s/ Michael J. Coolican*
TONY HENDERSON, PRO SE        MICHAEL J. COOLICAN
6195 Oakdale Lane                      Assistant United States Attorney
MacClenny, Florida                    USA No. 156
                                                  300 N. Hogan Street, Suite 700
                                                  Jacksonville, Florida 32202
                                                  Telephone:   (904) 301-6300
                                                  Facsimile:   (904) 301-6310
                                                  E-mail: Michael.Coolican@usdoj.gov

**U.S. v. TONY HENDERSON**               Case No. 3:06-cr-211-J-32TEM

### CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I will serve a hard copy by U.S. Mail to the following:

>Tony Henderson, Pro Se
>6195 Oakdale Lane
>MacClenny, FL 32063
>
>Linda Henderson
>6195 Oakdale Lane
>MacClenny, FL 32063

>*s/ Michael J. Coolican*
>MICHAEL J. COOLICAN
>Assistant United States Attorney